HENRY BRIMBERG, Respondent, *v.* GEORGE B. HERZIG Co., INC.,
Appellant.

First Department, March 3, 1922.

Sales — action to recover price of ten-ounce burlap bags once used —
construction of contract — terms in contract construed to mean bags
made from ten-ounce burlap — charge that ordinary meaning of term
was that bags should weigh ten ounces erroneous — evidence — rejection
of evidence on behalf of defendant as to understanding by parties of
terms erroneous.

In an action to recover the price of ten-ounce burlap bags once used, the verdict
of the jury, in favor of the plaintiff, to the effect that the contract called for a
burlap bag weighing ten ounces and not a bag made from ten-ounce burlap
was against the weight of the evidence.

It was error for the court to charge that the ordinary meaning of the term
" 10-ounce burlap bag " was that the bag should weigh ten ounces and not that
the material from which it was made should be ten-ounce burlap, and that the
evidence to show another meaning must be strong and convincing.

It was error also to refuse to allow the defendant to cross-examine a witness for
the plaintiff in reference to a contract between the witness and the defendant
for the sale of a bag made " of 10-ounce burlap," which contract was introduced
in evidence for the purpose of showing that the parties understood that a
" 10-ounce burlap bag " referred to the weight of the bag, and to further refuse
to allow in evidence another contract between the defendant and the witness,
wherein the same words as those used in the contract in suit were interpreted
by both parties as meaning a bag made of ten-ounce burlap.

It was error for the court to reject evidence on behalf of the defendant to show
that the plaintiff purchased the bags for which the action was commenced as
eight, nine and ten-ounce burlap bags, as such evidence would have shown his
understanding of what was meant by the expression in the trade, as well as in
making the specific contract in question.

APPEAL by the defendant, George B. Herzig Co., Inc., from a
judgment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of New York on the 16th
day of February, 1921, upon the verdict of a jury, and also from
an order entered in said clerk's office on the 24th day of February,
1921, denying defendant's motion for a new trial made upon the
minutes.

*Hays & Wadhams* [*Arthur Garfield Hays* of counsel; *John Schulman*
with him on the brief], for the appellant.

*Reit & Kaminsky* [*Gilbert Ray Hawes* of counsel; *Hyman J. Reit*,
with him on the brief], for the respondent.

SMITH, J.:

This is an action to recover for the price of ten-ounce burlap
bags once used, claimed to have been delivered to the defendant
under a contract by which the plaintiff was to buy 150,000 of
these bags for transportation to South America.   Burlap itself is

designated by weight. A ten-ounce burlap of certain yardage has a certain weight and substance, and a nine-ounce burlap has less weight and substance, and an eight-ounce still less. These bags delivered confessedly were made up of eight, nine, and ten-ounce burlap. Whenever they were put into bags, the bag itself weighed from ten to thirteen ounces. Confessedly the bags did not weigh ten ounces, all of them, but some of them weighed as much as thirteen ounces. It is claimed by the plaintiff that all of them weighed ten ounces or more. There was conflicting expert testimony as to what a ten-ounce burlap bag meant as applied to the sale of bags once used. Confessedly a " 10-ounce burlap bag," when it is referred to new bags, means a bag made out of ten-ounce burlap. That is agreed to by the witnesses of both parties. It is claimed, however, by some of the witnesses that a " 10-ounce burlap bag," when used as descriptive of bags once used, means that the bag shall weigh ten ounces, and not that it shall be made out of ten-ounce burlap. The meaning of this expression as used in this contract was testified to by expert witnesses. The jury has found that the contract called for a burlap bag weighing ten ounces, and not a bag of ten-ounce burlap. This finding of the jury is to my mind clearly against the weight of evidence. When used in reference to bags once used, there is much stronger reason for giving to the expression this same significance than upon the sale of new bags. Confessedly the manner of the prior use of this bag, and its contents upon such prior use, make a material difference in the weight of the bag when offered for sale after it has been once used. Some contents of a bag would be much more adherent to the side of the bag; and to make any certainty as to what is purchased it would be much more necessary, in making a second-hand purchase than in making the purchase of a new bag, that this expression, " 10-ounce burlap bag," should refer to the weight of the burlap rather than to the weight of the bag.

The trial judge in his charge to the jury said that the ordinary meaning of a ten-ounce burlap bag was that the bag should weigh ten ounces and not the burlap, and charged the jury that the evidence to show another meaning must be strong and convincing. To this an exception was taken. This, I think, was error. Bags are bought for specific purposes. The natural inference is, therefore, that in contracting for such bags the primary purpose would be to secure a bag of such a weight of burlap as would make a safe container for the article to be shipped, and especially would this be interpreted in the trade as a contract thus expressed for new bags requiring ten-ounce burlap, and not that the bag itself should weigh ten ounces.

A contract was introduced by the plaintiff between the defendant and one Brody for the purchase of bags, where the expression was used, a bag made " of 10-ounce burlap." It was claimed therefrom by the plaintiff that the use of this expression in the contract with Brody indicated an understanding by the defendant that the expression used in this contract, a " 10-ounce burlap bag," referred to the weight of the bag rather than to the weight of the burlap. The court refused to allow the cross-examination of Brody, and further refused to allow in evidence another contract made between the defendant and Brody, wherein the expression was used as it is used in the contract here in suit, and which contract was interpreted by both parties as meaning a bag made of ten-ounce burlap. This, I think, was error.

Again, when the plaintiff purchased these very bags for which suit is here brought, the defendant attempted to show that plaintiff purchased them as eight, nine and ten-ounce burlap bags, which would show his understanding of what was meant by this expression in the trade, as well as in the making of the specific contract in question. This evidence was improperly rejected.

The judgment must be reversed on the law and the facts and a new trial ordered, with costs to appellant to abide the event. The finding of fact that the expression as used in the contract means a ten-ounce bag and not a bag made of ten-ounce burlap is reversed.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.